# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**B & E GIBSON ENTERPRISES INC.,**

**Plaintiff,**

**v.** **Case No: 6:12-cv-1865-Orl-31GJK**

**DARNGAVIL ENTERPRISES LLC, JACQUELINE BERGEN and PETER C. BERGEN,**

**Defendants.**

---

## ORDER

This cause comes before the Court on two Motions to Dismiss (Docs. 4 & 5) filed by Defendants Darngavil Enterprises LLC ("Darngavil"), and Jacqueline Bergen and Peter C. Bergen. Plaintiff has not filed a response.

### I. Background

This breach of contract case arises out of a lease agreement (the "Lease") between Plaintiff, B & E Gibson Enterprises, LLC ("B&E"), the owner of a "2011 Freightliner Cascadia Tractor Unit" and a "2005 53' Utility Trailer" (the "Equipment") and Darngavil, an "authorized motor carrier." Under the terms of the Lease, B&E 'leased' the Equipment to Darngavil who "assume[d] complete responsibility for the operation of [the Equipment]." (Doc. 2 at 3). According to the Complaint, one of Darngavil's obligations under the Lease was to "investigate and scrutinize the drivers of B&E's Equipment, by conducting 'driver motor vehicle checks.' " (Doc. 2 at 2).

In November 2011, one of B&E's trailers was involved in an accident resulting in severe damage to the trailer. B&E further alleges that Darngavil failed to conduct reasonable investigations into the two drivers who operated the Equipment—both of whom were allegedly under the influence of illegal drugs. B&E terminated the Lease on April 24, 2012 and filed this suit on November 2, 2012; it was removed to this Court on December 13, 2012.

The Complaint asserts twelve causes of action against three Defendants, Darngavil, and two of its officers, Jacqueline and Peter Bergen (the "Bergens"). The various Counts are as follows: breach of contract against Darngavil (Count I, IV, VI); violation of the Truth in Leasing Act, 49 U.S.C. § 14102 and 14704 *et seq* (Counts II, III, V, VII); fraud in the inducement against the Bergens (Count VIII); civil conspiracy against the Bergens (Count IX); breach of fiduciary duty by Darngavil (Count X); unjust enrichment against Darngavil (Count XI); and "against [the Bergens] as the alter ego or Darngavil" (Count XII). Defendants now move to dismiss each Count; Plaintiff has not responded.

## II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## III.   Discussion

### A.  Darngavil's Motion to Dismiss

The majority of Plaintiff's claims arise out of the alleged breach of the Lease and violation of 49 U.S.C. § 14102 and 14704 *et seq.* Counts X and XI stand out, however, as clearly deficient and will be dismissed. Count X attempts to recast a breach of contract claim as a breach of fiduciary duty by stating that the parties "shared a relationship whereby B&E reposed trust and confidence in Darngavil. Specifically, . . . that Darngavil would properly investigate and scrutinize [the drivers]." (Doc. 2 at 13). There is a difference, however, between contractual duties of the kind alleged here, and fiduciary duties. *See Larson v. Correct Craft, Inc.*, 537 F. Supp. 2d 1264, 1269 (M.D. Fla. 2008) (for a fiduciary relationship to exist under Florida law "there must be substantial evidence showing some dependency by one party and some undertaking by the other

party to advise, counsel, and protect the weaker party.") *vacated and remanded on other grounds,* 569 F.3d 1319 (Fed. Cir. 2009); *Cripe v. Atlantic First Nat. Bank*, 422 So.2d 820 (Fla.1982).[1] Thus, Count X will be dismissed because there are no allegations supporting a claim for breach of fiduciary duty.

This is a suit based on an express contract, the existence of which is not disputed. For that reason, Count XI for unjust enrichment will be dismissed as well. *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1316-17 (M.D. Fla. 2000).

Counts I, II, and III allege that Darngavil breached the Lease, and violated the Truth in Leasing Act, by failing to conduct a drug test on two of the drivers. According to the express terms of the Lease however, Darngavil was required only to "pre-approve" drivers "in regard to State and Federal laws and driver motor vehicle record checks." (Doc. 2-1 at 1). The Complaint appears to reference 49 C.F.R. § 382.105, which requires that "[e]ach *employer* ensure that all alcohol or controlled substance testing conducted under this part complies with the procedures set forth in part 40 of this title." 49 C.F.R. § 382.105 (emphasis added). According to the Lease, however, B&E was the 'employer' of the drivers. (*See* Doc. 2-1 at 1; and ¶ 6). Further, although the first paragraph of the lease states that Darngavil will pre-approve all drivers in regard to state and federal law, the same paragraph also states that B&E "will provide drivers fully qualified under all applicable federal and state laws . . . ." Confronted with this contradictory language, the vague allegations in the Complaint, and lacking a response from the Plaintiff, Counts I, II, and III will be dismissed without prejudice.

---

[1] *See also Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991) ("In an arms-length transaction however, there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own due diligence have discovered. The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party." (citations omitted)).

Counts IV and V assert claims for breaching the Lease, and for violation of the Truth in Leasing Act, for failing to provide "accounting of charge backs." The Complaint alleges that "B&E requested, on multiple occasions, 'all documents necessary to determine the validity of all items charged back against compensation due.' These requests were made on at least November 13, 2011; January 29, 2012; and April 14, 2012." (Doc. 2 at 8). Plaintiff further claims that "[a]s a direct and proximate result of Darngavil's breach of the Lease, B&E suffered damages." (Doc. 2 at 8, 9). This is sufficient to survive a motion to dismiss. Since the allegations in the Complaint, and Defendant's arguments, are virtually identical with respect to Counts VI and VII—for failure to make timely payments—Defendant's Motion will be denied with respect to those Counts as well.

**B. The Bergens' Motion to Dismiss**

Plaintiff asserts three causes of action against the Bergens. Federal courts do not recognize a cause of action for "alter ego" as Plaintiff attempts to claim in Count XII. Fed.R.Civ.P. 10(b) ("[E]ach claim founded on a separate transaction or occurrence ... must be stated in a separate count."); *see also Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011). To the extent Plaintiff seeks to impose liability on the Bergens under an alter ego theory, it must plead such allegations in the body of the Complaint. Count XII will be dismissed with prejudice.

Next, Plaintiff claims that it was fraudulently induced by the Bergens' representation that it would earn certain profits if it entered into the lease. Defendant argues that this claim is barred by the economic loss rule. Under Florida law, however, the economic loss rule applies only to parties in contractual privity. Since there is no contractual privity between Plaintiff and the Bergens, the economic loss rule does not apply. *See Luigino's Int'l, Inc. v. Miller*, 311 F. App'x 289, 293 (11th Cir. 2009); *Advisor's Capital Investments Inc., v. Cumberland Cas. & Sur. Co.,* No. 8:05-CV-404-

T-23MAP, 2007 WL 220189, at *2 n. 5 (M.D.Fla. Jan.26, 2007) (economic loss rule does not bar claims of fraudulent inducement and negligent misrepresentation because plaintiffs and defendants were not in contractual privity); *McLeod v. Barber*, 764 So.2d 790, 792 (Fla. 5th DCA 2000) ("[T]he law is clear that the economic loss doctrine does not apply to tort claims where there is no contractual relationship between the parties."). Therefore, Defendant's Motion will be denied with respect to Count VIII.

Defendant's Motion will also be denied with respect to the related civil conspiracy claim in Count IX. The allegations are sufficient to satisfy the heightened pleading requirements in Fed. R. Civ. P. 9.

It is therefore,

**ORDERED** that Defendants' Motions will be **GRANTED IN PART AND DENIED IN PART** as follows,

1. Defendants' Motions will be **DENIED** with respect to Counts IV, V, VI, VII, VIII, and IX;
2. Count XII is **DISSMISSED WITH PREJUDICE**;
3. Counts I, II, III, X, XI are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on January 7, 2013.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties