# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**B & E GIBSON ENTERPRISES INC.,**

      **Plaintiff,**

**v.**                                                   **Case No: 6:12-cv-1865-Orl-31GJK**

**DARNGAVIL ENTERPRISES LLC,**
**JACQUELINE BERGEN and PETER C.**
**BERGEN,**

      **Defendants.**

## ORDER

This cause comes before the Court on a motion for reconsideration (Doc. 15) filed by Defendants Jacqueline Bergen and Peter C. Bergen (the "Bergens").

Defendants move for reconsideration of the Court's prior Order (Doc. 10) which, *inter alia*, denied their motion to dismiss with respect to Counts VIII (fraudulent misrepresentation) and IX (civil conspiracy) of the Complaint. Defendants argue that the economic loss rule applies to Count VIII despite the lack of privity between Plaintiff and the Bergens because of the "corporate officer exception." *Vesta Const. & Design, L.L.C. v. Lotspeich & Associates, Inc.*, 974 So. 2d 1176, 1181 (Fla. 5th DCA 2008). Defendants are correct that Plaintiff cannot avoid the economic loss rule by simply asserting a claim against a corporate officer. For that reason, the Court will grant the Motion, and reconsider the issue raised in the motion to dismiss (Doc. 5).[1]

---

[1] Plaintiff never responded to the motion to dismiss (Doc. 5), thus, the Court will reconsider Defendants' arguments without waiting for a response.

The law is well established that the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation—at least where the misrepresentation is independent from the contract. *See Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. 4th DCA 2000). Where the fraudulent misrepresentation is inseparable from the essence of the agreement however, the economic loss rule applies to bar the tort claim. *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So. 2d 74, 77 (Fla. 3d DCA 1997). Florida courts frequently apply the economic loss rule where the alleged misrepresentation is directly contradicted by the terms of the agreement. *Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007); *Allen,* 784 So. 2d at 457. In this case, Defendants argue that the misrepresentation went to the essence of the parties' agreement, specifically, how much profit Plaintiff could expect to receive. The Lease contains a merger clause, sets forth the compensation for both parties, and states that although Darngavil will make reasonable effort to keep the equipment in constant use, "this shall not be construed as an agreement by [Darngavil] to furnish any specific number of loads, or pounds of freight . . ." Given those terms, and Plaintiff's lack of response, Count VIII will be dismissed. Additionally, since fraudulent inducement was the sole basis for the civil conspiracy claim, Count IX will be dismissed as well. *Lehman Bros. Holdings, Inc. v. Hirota*, 806CV2030T24MSS, 2007 WL 1471690 (M.D. Fla. May 21, 2007).

It is therefore,

**ORDERED** that Defendants Motion for reconsideration (Doc. 15) is **GRANTED**. Counts VIII and IX are **DISMISSED**.

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties