# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

B & E GIBSON ENTERPRISES INC.,

          **Plaintiff,**

v.                                 **Case No:  6:12-cv-1865-Orl-31GJK**

DARNGAVIL ENTERPRISES LLC,
JACQUELINE BERGEN and PETER C.
BERGEN,

          **Defendants.**

_____

# ORDER

      This cause comes before the Court on a Motion to Dismiss (Doc. 33) filed by Defendants Darngavil Enterprises LLC ("Darngavil"), Jacqueline Bergen and Peter C. Bergen. Plaintiff, B&E Gibson Enterprises Inc. ("B&E") filed a Response at Doc. 38.[1]

      On April 5, 2013, Plaintiff was granted leave to amend the complaint (Doc. 31) in light of a recent Florida Supreme Court case that materially changed the law in Florida with respect to the economic loss rule. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan*, ---So. 3d ---, 2013 WL 828003 (Fla. March 17, 2013). The original Complaint (Doc. 2) asserted twelve counts against three Defendants for breach of contract, violation of the Truth in Leasing Act, 49 U.S.C. § 14102 and 14704 *et seq.*, fraud in the inducement, civil conspiracy, and breach of fiduciary duty. The first three counts (for breach of contract and violation of the Truth in Leasing Act) were dismissed without prejudice. Counts 8 and 9 for fraud in the inducement and civil conspiracy were dismissed

_____

[1] The factual background of this case was set out in the Court's prior Order (Doc. 10) and will not be repeated here.

with prejudice pursuant to the economic loss rule. Counts 10 and 11, for breach of fiduciary duty and unjust enrichment, were dismissed with prejudice. Finally, Plaintiff's alter ego claim in Count 12 was dismissed without prejudice. Only Counts 4, 5, 6, and 7 remained.

In its Amended Complaint, (Doc 32) Plaintiff repleads every Count that was previously dismissed and adds eight additional counts against Defendants Jacqueline Bergen and Peter C. Bergen. Defendants now move to dismiss all but Counts 4, 5, 6, and 7.

## I.      Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## II.    Analysis

### Counts 1, 2, and 3

The first three counts in the Amended Complaint are based on Darngavil's failure to test drivers Richard Hagins and Tony Pichford for drug use. Defendants moved to dismiss these counts in the original Complaint because Plaintiff failed to adequately allege that Defendants had a duty under the Lease or the Truth in Leasing Act to conduct such tests. (Docs. 4 & 5). Lacking a response from Plaintiff, the Court granted the motion and dismissed Counts 1, 2, and 3. (Doc. 10). Now, rather than amending these Counts, Plaintiff simply restates them and argues that they should not have been dismissed. (Doc. 38). To the extent Plaintiff seeks to present an argument it failed to raise in response to the original motion to dismiss, it must file an appropriate motion.[2] Counts 1, 2 and 3 in the Amended Complaint are virtually identical to the first three counts of the original Complaint and will be dismissed for the same reasons. (Doc. 10).

### Counts 8 and 9

In *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan*, the Florida Supreme Court abrogated the contractual privity economic loss rule in Florida. ---So. 3d ---, 2013 WL 828003 (Fla. March 17, 2013). Count 8 for fraudulent misrepresentation and the dependent civil conspiracy claim in

---

[2] Although these Counts were dismissed without prejudice, Plaintiff sought leave to amend only the alter ego claim and the claims dismissed pursuant to the economic loss rule—Counts 1, 2, and 3 fall into neither category. Plaintiff did not move to amend these claims, it did not move for reconsideration of the prior Order, nor has it demonstrated good cause for its failure to raise these arguments previously.

Count 9 were dismissed based on the contractual privity economic loss rule and are now repled in light of this change in controlling law.

Plaintiff claims that the Bergens "falsely represented to B&E the amount of profit it would earn if B&E entered into the Lease with Darngavil." (Doc. 32, ¶ 84). Defendants again move to dismiss these counts given the express terms of the Lease which states,

> [Darngavil] agrees to make shipments available for transportation . . . [and shall] . . . exercise every reasonable effort to make sufficient shipments available so that [B&E] shall be able to keep the Equipment in reasonably constant use under the terms of this Agreement, although this shall not be construed as an agreement by [Darngavil] to furnish any specific number of loads, or pounds of freight for transportation by [B&E] at any particular time or place.

(Doc. 32-1, ¶ 8). Compensation was expressly tied to the number of shipments, (Doc. 32-1, ¶¶ 9 – 20), and there was a merger clause.

Although "the mere presence of a merger clause is not an impediment to a cause of action for fraud in the inducement," *Cmty. Mar. Park Associates, Inc. v. Mar. Park Dev. Partners, LLC*, 3:11CV60/MCR/CJK, 2011 WL 2790185 (N.D. Fla. July 14, 2011), an express provision in a contract which directly contradicts the alleged misrepresentation will defeat a claim for fraud in the inducement. *Tevini v. Roscioli Yacht Sales, Inc.*, 597 So. 2d 913 (Fla. 4th DCA 1992) ("To hold otherwise is to invite contracting parties to make agreements . . . and then avoid them by simply taking the stand and swearing that they relied on some other statement."). Moreover, to state a claim for fraudulent inducement under Florida law Plaintiff must allege that it *justifiably* relied on the false statement. *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004). The express terms of the contract in this case render Plaintiff's alleged reliance unjustifiable as a matter of law. *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007). Accordingly, Counts 8 and 9 will be dismissed.

**Counts 10 and 11**

Plaintiff did not have leave to replead these Counts because they were dismissed with prejudice without reference to the economic loss rule. Accordingly, Counts 10 and 11 will be stricken.

**Claims against Jacqueline Bergen and Peter C. Bergen Individually**

Eleven of the twenty counts in the Amended Complaint are directed towards Jacqueline Bergen and Peter C. Bergen (the "Bergens"), in their individual capacities, for actions taken by the corporation. To render these claims plausible, and pierce the corporate veil, Plaintiff must allege that (1) the Defendants dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the Defendants were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (citing *Gasparini v. Pordomingo,* 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008) (emphasis added) (citations omitted)); *see also* 8A Fla. Jur.2d Business Relationships § 13 (2008). Under Florida law, the corporate veil will only be pierced to prevent fraud or injustice. *Eckhardt v. U.S.,* 463 F.App'x 852, 855 (11th Cir. 2012) (unpublished) (citing *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So. 2d 1114, 1121 (Fla. 1984)). Piercing the corporate veil is proper if the corporation "is a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose." *Eckhardt*, 463 F.App'x at 855 (quoting *Aztec Motel, Inc. v. Faircloth,* 251 So. 2d 849, 852 (Fla. 1971)).

Each count against the Bergens contains language identical to the respective claim against Darngavil. In each count Plaintiff adds, however, that the Bergens "personally directed and controlled" Darngavil, intertwined corporate business with their personal affairs, "intentionally directed and caused Darngavil to violate leasing regulations for their own personal gain," "blurred the line between Darngavil's business affairs, and their personal affairs," and dominated it "to such an extent that Darngavil's independent existence was in fact non-existent." (Doc. 32 at 19). Aside from this formulaic recitation of the required elements, Plaintiff provides no specific allegations to suggest that Defendants dominated and controlled Darngavil to a sufficient extent or that the corporate form was used fraudulently or for an improper purpose. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Each claim is premised solely on Darngavil's alleged breach of the Lease or violation of the Truth in Leasing Act. Lacking any plausible allegations to establish the Bergens' individual liability in this case, Counts 12 through 20 will be dismissed.

It is therefore,

**ORDERED** that Defendants' Motion to Dismiss (Doc. 33) is **GRANTED**. Counts 1, 2, 3, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, and 20 are **DISMISSED**. Counts 10 and 11 are **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on May 13, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties